UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| KAUNDA L. MAGEE (#331818), Plaintiff | CIVIL ACTION NO. 1:18-CV-328; SEC. P |
| VERSUS | JUDGE DEE D. DRELL |
| CONCORDIA PARISH CORRECTIONAL, ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is the civil rights complaint (42 U.S.C. § 1983) of pro se Plaintiff Kaunda L. Magee ("Magee") (#331818). Magee was granted leave to proceed *in forma pauperis.* (Doc. 10). Magee is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. Magee complains that his constitutional rights were violated when he was a pre-trial detainee at the Washington Parish Jail.

Because Magee's conviction has not been reversed, expunged, declared invalid, or called into question by a federal court's issuance of a writ of habeas corpus, his § 1983 complaint is barred by Heck v. Humphrey, 512 U.S. 477 (1994).

I. Background

Magee was transferred from the Concordia Parish Correctional Facility ("CPCF") to the Washington Parish Jail ("WPJ") on February 1, 2016, to be tried on numerous criminal charges. Magee was administered his prescribed medications at CPCF prior to his transfer. (Doc. 7, p. 4). However, Magee alleges that his medication was not sent with him to Washington Parish. (Doc. 7, p. 4). On February 2, 2016,

Magee asked the WPJ staff about his medication, and they advised they were "working on getting it" from CPCF. Magee alleges that he did not have his medication for the five days of trial.

Magee was convicted on all 10 counts of the indictment, and sentenced as a habitual offender to numerous life sentences. See State v. Magee, 2016-1074 (La. App. 1 Cir. 4/12/17), writ denied, 2017-1003 (La. 2/23/18), 237 So.3d 514. Magee claims that, had he received his medication, he would have been able to defend himself at trial. As relief, Magee asks that the Court bring him justice and treat him fairly. (Doc. 7, p. 5).

## II. Law and Analysis

### A. Magee's complaint is subject to screening under §§ 1915(e)(2) and 1915A.

Magee is a prisoner who has been allowed to proceed *in forma pauperis*. (Doc. 13). As a prisoner seeking redress from an officer or employee of a governmental entity, Magee's complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. See Martin v. Scott, 156 F.3d 578, 579–80 (5th Cir. 1998) (per curiam); Rosborough v. Mgmt. and Training Corp., 350 F.3d 459, 461 (5th Cir. 2003) (holding that prison management corporations and their employees are state actors under § 1983). Because he is proceeding *in forma pauperis*, Magee's complaint is also subject to screening under § 1915(e)(2). Both §§ 1915(e)(2)(B) and 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id. at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007); Ashcroft v. Iqbal, 556 U.S. 662 (2009).

### B. To the extent Magee seeks relief under § 1983, his complaint is barred by Heck.

Magee's claim that his conviction is invalid because he was deprived various mental health medications during his trial is barred by Heck. In Heck, the Supreme Court held that a claim that, in effect, attacks the constitutionality of a conviction or imprisonment does not accrue until that conviction or sentence has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. at 486-87; Wells v. Bonner, 45 F.3d 90, 94 (5th Cir. 1995). Magee's conviction has not been expunged, reversed, or otherwise invalidated. See Magee, 237 So.3d 514. Thus, under Heck, Magee's claim must be dismissed. See Reger v. Walker, 312 F. App'x 624, 625 (5th Cir. 2009) (prisoner's claims, whether for damages, declaratory judgment, or injunctive relief, are subject to Heck if they imply the invalidity of conviction); Clarke v. Stadler, 154 F.3d 186, 190-91 (5th Cir. 1998) (en banc) (holding that a claim for prospective injunctive relief that would imply the invalidity of a prisoner's conviction may be dismissed without prejudice subject to the rule of Heck); Bacilio v. Burns, 4:15-CV-

3

417, 2015 WL 8320249, at *2 (N.D. Tex. Dec. 9, 2015), aff'd, 689 F. App'x 313 (5th Cir. 2017) (claims for injunctive relief, declaratory judgment, and monetary damages are all subject to Heck).

To the extent Magee seeks a release from prison, his claim must be raised pursuant to a writ of habeas corpus (28 U.S.C. § 2254). Because Magee was convicted in Washington Parish, any § 2254 petition filed by Magee must be filed in the Eastern District of Louisiana.

### III. Conclusion

For the foregoing reasons, IT IS RECOMMENDED that Magee's claim be DENIED and DISMISSED under §§ 1915(e)(2)(b) and 1915A, with prejudice to being asserted again until the Heck conditions are met.[1]

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have 14 calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within 14 days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

---

[1] DeLeon v. City of Corpus Christi, 488 F.3d 649, 657 (5th Cir. 2007). ("A preferred order of dismissal in Heck cases decrees, 'Plaintiffs [sic] claims are dismissed with prejudice to their being asserted again until the Heck conditions are met.'").

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within 14 days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this 16th day of May, 2018.

Joseph H.L. Perez-Montes
United States Magistrate Judge